IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES R. HARPER, III, DANIEL J.
HARPER, JOHN T. HARPER,
CHRISTINE A. RYAN, *and* ARTHUR G.
STEINBERG,

10cv1540

**ELECTRONICALLY FILED**

Plaintiffs,

v.

GLOBAL GEOPHYSICAL SERVICES,
INC. *and* COUGAR LAND SERVICES,
LLC,

Defendants.

MEMORANDUM OPINION RE: DEFENDANTS' MOTION TO DISSOLVE OR MODIFY
THE PRELIMINARY INJUNCTION (DOC. NO. 15) AND
DEFENDANTS' MOTION TO DISMISS (DOC. NO. 13)

**I.      Factual Background**

Plaintiffs, James R. Harper, III, Daniel J. Harper, John T. Harper, Christine A. Ryan, and Arthur G. Steinberg, (collectively referred to as "Plaintiffs"), filed a civil action in the Court of Common Pleas of Fayette County (Doc. No. 1-2) on November 17, 2010 against Defendants Global Geophysical Services, Inc., and Cougar Land Services, LLC (individually referred to as "Global" and "Cougar Land" and collectively referred to as "Defendants"). Plaintiffs also filed a Motion for Preliminary Injunction on November 17, 2010. The Fayette County Court of Common Pleas issued a Preliminary Injunction ordering Defendants to cease and desist from "reviewing, analyzing, disseminating, selling, licensing or otherwise using the testing information gathered related to" Plaintiffs' property. Doc. No. 1-4. Plaintiffs were ordered to post a bond in the sum of one dollar with the Prothonotary of Fayette County. Id. Judge Gerald

1

Solomon ordered and directed that a hearing would be held on November 22, 2010, to "determine whether the injunction should be made permanent or dissolved." Id.

On November 19, 2010, Defendant Global timely removed the present action to this court. Doc. No. 1. Thereafter, on December 30, 2010, Defendants filed a Motion to Dismiss Plaintiffs' Complaint (Doc. No. 13) and a Motion to Dissolve or Modify the Preliminary Injunction (Doc. No. 15). Plaintiffs filed responsive briefs to Defendants' motions on January 7, 2010. Doc. Nos. 17 & 18.

For the subsequent reasons, Defendants' Motion to Dissolve or Modify the Preliminary Injunction (Doc. No. 15) will be granted. Defendants' Motion to Dismiss (Doc. No. 13) will be denied as to Counts I-VI.

**II.     Standard of Review**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Id.* at 1950 (quoting

*Twombly*, 550 U.S. at 555). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *PA Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010), citing *Iqbal*, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; see also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

> As explained succinctly by the United States Courts of Appeals for the Third Circuit:
>
> Pursuant to *Ashcroft v. Iqbal*, [citation omitted], district courts must conduct a two-part analysis when presented with a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009). "First, the factual and legal elements of a claim should be separated." *Id*. "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id*. at 211 (quoting *Iqbal*, 129 S.Ct. at 1950).

*Edwards v. A.H. Cornell and Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010).

When determining whether a plaintiff has met the second part of the analysis and presented facts sufficient to show a "plausible claim for relief," the Court must consider the specific nature of the claim presented and the facts pled to substantiate that claim. For example, in *Fowler*, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." *Fowler*, 578 F.3d at 212. The Court, while noting that the Complaint was "not as rich with detail as some might prefer," it the "how, when and where" provided by the plaintiff sufficient grounds to establish plausibility. *Id*. at 211-212.

The Court of Appeals in *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009), a civil rights and Title VII case, affirmed a decision to dismiss a plaintiff's

complaint because the plaintiff failed to plead facts explaining <u>why</u> he believed his national origin was the basis for the termination of his employment.

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), the district court should apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. *Iqbal,* 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Id.* at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. *Id*. at 563 n.8. Generally speaking, a complaint that provides adequate facts to establish "how, when, where, and why" will survive a motion to dismiss. *See Fowler* and *Guirguis*, supra.

**III. Discussion**

**A. Defendants' Motion to Dissolve or Modify the Preliminary Injunction (Doc. No. 15)**

In support of their Motion to Dissolve or Modify the Preliminary Injunction (Doc. No. 15), Defendants argue that the Court should dissolve the injunction because: (1) the injunction was granted despite insufficient service of the complaint; (2) the injunction was granted on same-day notice without an evidentiary hearing; (3) the injunction was granted without sufficient bond; (4) the injunction was granted despite Plaintiffs' failure to join interested and indispensible parties; (5) the injunction was granted despite the facts that Plaintiffs did not satisfy any of the

elements necessary for the granting of the injunction; and (6) the injunction expired on its own terms on November 22, 2010. Doc. No. 16, 1.

This Court presides over this case on the basis of diversity jurisdiction. Doc. No. 1-1. In a diversity case, the Court must apply the substantive law of Pennsylvania. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79 (1938). As clarified in *Gasperini v. Center for Humanities*, 518 U.S. 415 (1996), the Federal Rules of Civil Procedure and the Federal Rules of Evidence continue to govern "procedural" matters in a diversity action.

Injunctions are deemed to be extraordinary remedies to be granted only in limited circumstances by both Pennsylvania and federal courts. *See Instant Air Freight Co., v. C.F. Air Frieght, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989); *Hart v. O'Malley*, 679 A.2d 222, 23 n. 1 (Pa. 1996). In exercising discretion to grant or deny a preliminary injunction, Pennsylvania courts weigh whether plaintiff has established each of the following: (1) an injunction is necessary to prevent immediate and irreparable harm; (2) greater injury would result from refusing an injunction than from granting it; (3) an injunction would properly restore the parties to their status immediately prior to the alleged wrongful conduct; (4) the movant is likely to prevail on the merits of the action; (5) the requested injunction is reasonably suited to abate the offending activity; and (6) an injunction would not adversely affect the public interest. *Summit Towne Centre, Inc. v. Show Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003). Under Pennsylvania law, for a preliminary injunction to issue, "every one of the [] prerequisites must be established; if the petitioner fails to establish any one of them, there is no need to address the others." *County of Allegeny v. Commonwealth*, 544 A.2d 1305, 1307 (Pa. 1988). These factors closely resemble those employed by the United States Court of Appeals for the Third Circuit when considering a motion for a preliminary injunction. *Vigilante v. Statharos*, No. 08-3408,

2009 WL 414014 at *3 (E.D. Pa. 2009) citing *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmas. Co.*, 290 F.3d 578, 586 (3d Cir. 2002).

Whenever an action is removed to a district court, "all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Such "full force and effect" promotes judicial economy by ensuring that proceedings had in state court need not be duplicated in federal court and also insures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal. *Granny Goose Foods, Inc., et al v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, etc.*, 415 U.S. 423, 435-36 (1974). However, the "full force and effect" provided to state court orders after removal "was not intended to be more than the force and effect the orders would have had in state court." *Granny Goose*, 415 U.S. at 436.

The standard that the district court must apply when considering a Motion to Dissolve an injunction is "whether the movant has made a showing that changed circumstances warrant the discontinuation of the order." *Twp. of Franklin Sewerage Auth. v. Middlesex County Utils. Auth.*, 787 F.2d 117, 121 (3d Cir. 1986). The United States Court of Appeals for the Third Circuit has held that reconsideration is appropriate where (1) the moving party demonstrates an intervening change in the controlling law; (2) additional facts are made available, which were not available when the court first considered the issue; or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A party need only demonstrate one of the grounds to establish that reconsideration is appropriate. *Id*.

The Court will address Defendants' Motion to Dissolve the Preliminary Injunction because it is beyond November 22, 2010, when the state court would have determined whether the injunction should be made permanent or dissolved. Doc. No. 1-4. *See also Granny Goose*, 415 U.S. at 436 (the "full force and effect" was not was not intended to provide "more than the force and effect the orders would have had in state court."). Defendants contend that the extended period of time since the state court's entry of the injunction and their present Motion is a "changed circumstance". Doc. No. 19-1, n. 1. *Twp. of Franklin Sewerage Auth.*, 787 F.2d at 121. Defendants argue that Plaintiffs "did not establish any of the five necessary elements based upon the allegations contained in the Complaint and the ten minute oral argument on the Motion for Preliminary Injunction." Doc. No. 16, 21-22. Therefore, this Court will address whether the state court injunction should be dissolved because of a need to correct a clear error of law or fact and to prevent manifest injustice.

Plaintiffs are required to demonstrate that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. *Summit*, 828 A.2d at 1001. Plaintiffs claim that Defendants entered into a permit for geological surveying services with E.C. Harper, who had no actual authority. Plaintiffs attached a permit executed between E.C. Harper and Defendant Global. Doc. No. 1-2, Exhibit 2. Defendants have attached a deed granting Edmund G. and Elizabeth G. Harper an undivided one-fifteenth interest in the Daniel Harper tract. Defendants allege that E.C. Harper is the son and beneficiary of the estates of Edmund and Elizabeth Harper and therefore, is a landowner with standing to permit Defendants to enter the property. *See Lichtenfels v. Bridgeview Coal Co.*, 496 A.2d 782 (Pa. Super. 1985) (One co-tenant has legal authority to allow a third party to come onto the property jointly owned with other co-tenants to conduct mineral exploration). Plaintiffs' Complaint is based upon

Defendants' "wrongful entry, and conducting of seismic testing." Doc. No. 1-2, 9. Plaintiffs alleged that as a result of Defendants' wrongful conduct, they suffered damages, including:

> without limitation, damage to the Property in the form of drilled holes, trampling of the vegetation, the deposit on the property of items owned by or under Defendants' control, activity on the Property inviting vandalism and the dumping of trash by third parties, and damage caused by Defendants' detonation of explosives on the property, as well as Defendants' wrongful obtaining and use of testing information related to the property.

Doc. No. 1-2, 12. Plaintiffs alleged that "unless and until Defendants are preliminarily and permanently enjoined from the foregoing conduct . . . Plaintiffs are suffering, and will continue to suffer, immediate, substantial and irreparable harm." Id. However, the Complaint states that Defendants' alleged wrongful conduct was entering Plaintiffs' property to conduct the seismic testing and that this testing was no longer occurring at the time that the state court granted Plaintiffs' injunction. Plaintiffs allege that if Defendant is permitted to release the seismic testing information to its production company licensees, "if the information is favorable, [it] would put Plaintiffs at a distinct disadvantage in any future lease negotiations, and if unfavorable, would result in the loss of any chance of future 'speculative value' signing bonuses and greatly depreciate the value of Plaintiff's property interests." Doc. Nos. 1-2, 4 and 18, 30. Plaintiffs allege that "these lost opportunities and diminutions cannot be adequately remedied with money damages and will cause irreparable harm." Id. However, there is no evidence to support such a claim and no indication that damages suffered by Plaintiffs could not be adequately compensated by monetary damages. Furthermore, Defendant also alleges that the injunction is "resulting in a potential huge financial loss." Doc. No. 16, 23. Therefore, the first factor weighs towards dissolution of the injunction.

There is also no evidence apart from Plaintiffs' allegation that they will "continue to suffer, immediate, substantial, and irreparable harm" that they would suffer greater harm than has already occurred if the injunction is dissolved. Doc. No. 1-2, 12. The evidence did not establish that greater harm would result to Plaintiffs from the dissolving of the injunction than from the harm Defendants would suffer from making such an injunction permanent. Both parties allege that they would suffer great financial harm if the injunction is either dissolved or enforced. Doc. No 16, 18. Therefore, because Plaintiffs had the burden to prove that greater harm would result from dissolving the injunction and have not done so, this factor weighs in favor of dissolution. *See Home Line Furniture Indus., Inc. v. Banner Retail Marketing, LLC*, No. 09-1713, 631 F.Supp. 2d 628 (E.D. Pa. 2009).

A Court must consider, in deciding whether to grant an injunction, whether the moving party has demonstrated a likelihood of success on the merits of the underlying claim. *Vigilante*, 2009 WL 414014, at *3. In moving for the injunction, Plaintiffs filed their "verified complaint in equity and for money damages" seeking Injunctive relief in Count I, a Motion for Special and/or Preliminary Injunction, and attached a copy of a deed transferring one-fifth interest in the property to Plaintiffs. Doc. No. 1-2, 12, 20-24. Plaintiffs have also filed a copy of Defendants' Oppositions to the injunction which were filed in state court. Doc. No. 18, Exhibit 4.

After reviewing Defendants' Motion to Dissolve or Dismiss the Preliminary Injunction, this Court finds that Plaintiffs have not yet demonstrated a likelihood of success on the merits of each underlying claim. See Doc. No. 13. As in *Home Line*, 631 F.Supp. 2d at 635, "each of Plaintiffs['] factual assertions are vigorously disputed by Defendants, and at this point, with only a minimal factual record, it is impossible to decide which party would be successful on the merits of this case." Therefore, under such circumstances, an injunction "is inappropriate

9

because Plaintiffs ha[ve] not yet met its burden of demonstrating that [they are] likely to succeed on the merits of [their] claim." *See Id; Summit Towne Centre*, 828 A.2d at 1001.

Plaintiffs have failed to demonstrate that the existing injunction is reasonably suited to abate the offending activity. *Summit Towne Centre,* 828 A.2d at 1001. As discussed, Defendants' allegedly offensive conduct of entering onto Plaintiffs' property to conduct seismic testing had ceased by the time Plaintiffs' complaint was filed. Doc. No. 1-2. Although Plaintiffs allege further harm if Defendants are permitted to use the testing information, all offensive conduct of conducting the seismic testing has ceased. There are no separately pled claims for Defendants' alleged use of the resultant testing material. Therefore, because the injunction does not abate Defendants' allegedly illegal entrance onto Plaintiffs' property to conduct seismic testing, this factor weighs towards dissolving the state court's injunction.

Manifest injustice would result if the injunction remained in effect because Plaintiffs have not established that all of the factors required to be considered in granting a preliminary injunction weigh in their favor. *See Home Line*, 631 F.Supp. 2d at 634. Therefore, Defendants' Motion to Dissolve the Preliminary Injunction will be granted.

**B. Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. Pro. 12(b)(6)**

In support of their Motion to Dismiss, Defendants argue that: (1) Plaintiffs have failed to join required parties under Fed.R. Civ. Pro. 19 and that (2) Plaintiffs have failed to state a claim upon which relief can be granted under Fed. R. Civ. Pro. 12(b)(6) for any of Plaintiffs' six counts in which Plaintiffs seek: (1) permanent injunctive relief enjoining Defendants from disseminating seismic testing data and directing them to destroy all test data related to Plaintiffs' land; (2) declaratory relief in excess of $50,000 along with attorney's fees and punitive damages;

as well as damages for: (3) negligence; (4) trespass; (5) conversion; and (6) invasion of privacy. Doc. No. 14.

### 1. *Additional Landowners Are Not Necessary Parties Under Fed. R. Civ. Pro. 19*

Defendants argue that by their own admission, Plaintiffs are only twenty percent landowners of the 191.35 acres of land referred to as "Daniel Harper Heirs Property" and therefore, the landowners of the remaining eighty percent are indispensible parties to the present action. Doc. No. 1-2, 21. Accordingly, Defendants argue that Plaintiffs' Complaint should be dismissed for failure to join required parties under Fed. Rule of Civ. 19(a)(1).

Once a defendant has filed notice of removal with the federal district court and furnished notice to the state court and all adverse parties, a state court can proceed no farther. 28 U.S.C. § 1446(d). However, an injunction obtained in state court "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.

Rule 19 of the Federal Rules of Civil Procedure provides that:

(1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
    a. In that person's absence, the court cannot accord complete relief among existing parties; or
    b. That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        i. As a practical matter impair or impede the person's ability to protect the interest; or
        ii. Leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Pro. 19(a)(1). The amended Fed. R. Civ. Pro 19(a)(1) "stresses the desirability of joining those persons in whose absence the court would be obligated to grant partial or 'hollow' rather than complete relief to the parties before the court." Federal Civil Judicial Procedure and Rules, 118 (West 2010 ed.). Such joinder serves the interests of "not

11

only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." Id. Defendants argue that they are "at substantial risk of incurring inconsistent obligations to the various landowners who, in total, represent one hundred (100%) of the interest in the subject lands." Doc. No. 14, 6.

Consistent with other District Courts in the United States Court of Appeals for the Third Circuit, the Court must first determine whether it is necessary that the absent party be joined. *Bonar v. Schottland*, 631 F.Supp. 990, 998 (1986). Defendants argue that the landowners representing an eighty percent interest in the "Daniel Harper Heirs Property" are required parties in this action. Doc. No. 14, 7, *Bachner + Co., Inc. v. White Rose Food, Inc.*, No. 09-2640, 2010 WL1049847. Defendants argue that such landowners are indispensable parties to this action because they may have an interest in enforcing the permit with Defendants. Id. at 6. A party is generally considered indispensable when their rights are so connected with the claims of the litigants that no judgment can be made without impairing their rights. *Sprague v. Cassey*, 550 A.2d 184 (Pa. 1988).

Under Pennsylvania law, co-tenants are not required parties under Rule 19. *Chidester et. al v. City of Newark, et al.*, 162 F.2d 598, 601 (1947). Pennsylvania state law permits one co-tenant to act without the involvement of other co-tenants to protect his/her rights. *See A.J. Hayes v. R.N. Stephenson*, 161 A.2d 900, 902 (Pa. Super. 1960) ("a tenant in common can enforce his claim to the extent of his interest without the joinder of the other.") As held by the United States Court of Appeals for the Third Circuit, "tenants in common not joined are not indispensable parties, for while they may be interested in the outcome of this action, their interests are not 'joint' and would not be affected by the judgment herein . . . ." *Chidester*, 162 F.2d at 601. The Court can make a determination as to rights to the property and the parties presently before the

Court without joining any additional parties. Defendants have also not demonstrated that there is a need to protect them from "substantial" risk of multiple or inconsistent obligations. *See Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel*, 895 F.2d 116, 117 (3d Cir. 1990). There mere risk of inconsistent obligations, especially from landowners who have yet to be determined is not sufficient to find such landowners are necessary parties under Fed. R. Civ. Pro. 19. *Id.* Therefore, because the additional landowners' absence, would not "prevent complete justice as between the parties who are involved", the Court will not order either party to join the as yet unknown additional landowners[1]. *Chidester*, 162 F.2d at 601.

## 2. Plaintiffs' Claims

In support of their Motion to Dismiss, Defendants also argues that Plaintiffs have failed to state a claim under Fed. R. Civ. Pro. 12(b)(6) for any of their six claims. Doc. No. 13.

### A. Injunctive Relief

In order to state a claim for injunctive relief, a plaintiff must establish:

1) He is likely to succeed on the merits;
2) He is likely to suffer irreparable harm in the absence of preliminary relief;
3) The balance of equities tip in his favor; and
4) The injunction is in the public interest.

*Eusa Pharma (US), Inc. v. Innocoll Pharmaceuticals Limited, et al.*, 594 F.Supp.2d 570, 578 (E.D. Pa. 2009) *citing Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008).

---

[1] Denial of Defendants' Motion to Dismiss based upon their argument that Plaintiffs failed to join necessary parties under Fed. R. Civ. Pro. 19, however, does not bar Defendants from adding additional parties to the present action. *See* Fed. R. Civ. Pro. 22(a)(2) ("a defendant exposed to similar liability may seek interpleader through a cross-claim or counter-claim.").

As previously discussed, "injunctions [are] extraordinary remedies, granted only in limited circumstances. *Vigilante*, 2009 WL 414014, at *3 *citing Instant Air Freight Co.*, 882 F.2d at 800. This standard is very similar to the standard employed by Pennsylvania courts.

To survive a Motion to Dismiss, Plaintiffs must only demonstrate that based upon the facts alleged, they may be entitled to relief. *Iqbal*, 129 S.Ct. at 1949. In their Complaint, Plaintiffs alleged that they will be irreparably harmed if injunctive relief is denied because the release of seismic testing information, if favorable, would put them at a distinct disadvantage in any future lease negotiations, and if unfavorable, would result in the loss of any chance of future "speculative value." Doc. No. 1-2, 12. Defendants argue that Plaintiffs injunctive relief claim should be brought solely against their alleged co-tenant, E.C. Harper. Doc. No. 14, 13. However, Plaintiffs have alleged facts, which taken as true, may entitle them to injunctive relief against Defendants. Doc. No. 1-2. Plaintiffs have also alleged that they are likely to succeed on the merits and that they have no other adequate remedy of law. Doc. No. 1-2, 12.

Therefore, because Plaintiffs have demonstrated the elements of injunctive relief, Plaintiffs have stated a claim upon which relief may be granted[2]. Fed. R. Civ. Pro. 12(b)(6), *Eusa Pharma (US), Inc.,* 594 F. Supp. at 578. As such, Defendant's Motion to Dismiss will be denied as to Count I.

### B. Declaratory Relief

Defendants allege that Plaintiffs "have no right to relief under the Pennsylvania Declaratory Judgment Act, 42 Pa. C.S. § 7531 *et seq.*, as a matter of law because they failed to join all interested parties to the action." Doc. No. 14, 14. As previously discussed, all required

---

[2] A Permanent Injunction Hearing will be held on February, 14, 2011, in accordance with Doc. No. 10.

parties pursuant to Fed. R. Civ. Pro. 19, are parties to the present action. Therefore, Defendants' Motion to Dismiss will be denied as to Count II.

### C. Negligence

Under Pennsylvania law, a negligence claim consists of four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) defendant's breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damage. *Rabutino v. Freedom State Realty Co., Inc.*, 809 A.2d 933, 938 (Pa. Super. 2002), *Lambert v. Katz*, 2010 WL 4596319 (Pa. Cmwlth, 2010).

Defendants allege that Plaintiffs have not pled any common law or statutory duty owed by the Defendants. Doc. No. 14, 16. However, Plaintiffs Complaint alleges that Defendants owed Plaintiffs "a duty not to interfere with [their] ownership interests in the Property" and "further owed a duty to perform Defendants' seismic testing activities and landman services in a manner that are within the confines of the law." Doc. No. 1-2, ¶¶ 47, 48. Plaintiffs also alleged that Defendants breached said duties "by failing to obtain the proper authorization to conduct testing activities on the Property and by improperly performing testing activities and landman services." Id. at ¶ 49. Plaintiffs have alleged facts, which if established at trial, could entitle them to relief. Doc. No. 1-2. Therefore, Defendant's Motion to Dismiss as to Count III will be denied. *Twombly*, 550 U.S. at 563, n.8.

### D. Trespass

To establish a claim for trespass, a plaintiff must demonstrate: (1) intentional; (2) entry upon the land of another; (3) without privilege. *Kopka v. Bell Telephone Co. of Pennsyl.*, 91 A.2d 232 (1952); *White v. Folely*, 2001 WL 184292 (Pa. Com. Pl. 2009).

In their Complaint, Plaintiffs alleged that "Defendants have intentionally entered and trespassed upon the Property, and upon information and belief, continue to intentionally trespass on the Property without any valid deed, license, lease or agreement to do so, or any other right or privilege under the law." Doc. No. 1-2, ¶ 52.  Furthermore, Plaintiffs alleged that "Defendants have exercised control of the Property without basis under the law in a continuing trespass, resulting in damages to Plaintiffs."  Id. at ¶ 53.  Furthermore, they averred that "Defendants have acted knowingly, willfully, recklessly, maliciously and outrageously in said conduct with indifference to the rights of Plaintiffs."  Id. at ¶ 54.

Defendants' argue that "by their own admission in the Complaint, Plaintiffs acknowledge that Defendants had apparent consent to enter the subject lands."  Doc. No. 14, 18.  However, review of the citations to Plaintiffs' complaint for this premise only state that Defendants "claim that a man named . . . E.C. Harper gave them permission to enter the Property and conduct the testing."  Doc. No. 1-2, ¶ 21.  Despite Defendant's arguments, taking all reasonable inferred in Plaintiffs' favor, they have established facts which could entitle them to relief at trial.  Therefore, Defendant's Motion to Dismiss as to Count IV will be denied.  *Twombly*, 550 U.S. at 563, n. 8.

### *E. Conversion*

For a claim of conversion, a plaintiff must demonstrate:

(1) Possessory rights to the chattel

(2) Defendant must exercise dominion or control over the chattel; and

(3) The exercise of dominion or control must result in such an unreasonable or serious deprivation of or interference with plaintiff's possessory rights so as to justify requiring the defendant to pay the chattel's full value.

*Martin v. National Surety Corp.*, 262 A.2d 672, 675 (Pa. 1970). Defendants allege that Plaintiffs "have no possessory right to [their] 'testing information' and testing information "it is

not chattel because it is not a physical object.[3]" Doc. No. 14, 19. Plaintiffs alleged in their Complaint that "Defendants have improperly converted, and continue to improperly convert, testing information regarding the Property." Doc. No. 1-2, ¶ 56. Obtaining testing information from Plaintiffs' property required their consent and their property ownership provides the "right to protection against improper geophysical testing." *See* Mark D. Christiansen, Oil & Gas: Improper Geophysical Exploration – Filling in the Remedial Gap, 332 Okla. L. Rev. 903, 914 (1979). It is undisputed that Defendants entered Plaintiffs' property to conduct seismic testing. Doc. Nos. 17, 19 & 14, 19. Plaintiffs have also alleged that Defendants' actions improperly deprived them of the use and enjoyment of the property as well as the information regarding the property's geophysical characteristics and the existence of natural reserves. Doc. No. 1-2, ¶¶ 57, 58.

Taken as true, the facts alleged in Plaintiffs' Complaint, along with all reasonable inferences drawn in their favor, provides adequate facts for their conversion claim to survive Defendant's Motion to Dismiss. *See Fowler*, 578 F.3d at 212. Therefore, Defendant's Motion to Dismiss will be denied as to Count V.

### F. *Invasion of Privacy*

Finally, Defendants argue that Plaintiffs have not pled facts establishing the elements necessary for a claim of invasion of privacy. Doc. No. 14, 19. Plaintiffs' allegations most closely resemble a claim for invasion of privacy based upon the "unreasonable intrusion upon the seclusion of another." *Doe v. Wyoming Valley Health Care System, Inc.*, 987 A.2d 758 (Pa. Super. 2009). Defendant argues that Plaintiffs' claim for invasion of privacy must be dismissed because they "did not allege any facts to show mental suffering, shame, or humiliation" as

---

[3] Defendant cites no case law to support this premise. Doc. No. 14, 19.

required.  Doc. No. 14, 20, *citing Burger v. Blair Medical Associates, Inc.,* 928 A.2d 246 (Pa. Super. 2007).

In their Complaint, Plaintiffs alleged that Defendants' actions "was, and is, substantial and highly offensive to a reasonable person" and that Defendants' actions have "caused and will continue to cause, mental suffering and distress to Plaintiffs."  Doc. No. 1-2, ¶¶ 62, 63.  A claim may not be dismissed because it appears unlikely that Plaintiffs will be able to ultimately prevail on the merits.  *Twombly*, 550 U.S. at 556, 563, n. 8.  Plaintiffs have alleged facts which, if established, will entitle them to relief for invasion of privacy.  *Doe*, 987 A.2d 758.  Therefore, Defendant's Motion to Dismiss as to Count VI will be denied.

**IV.     Conclusion**

For the foregoing reasons, Defendants' Motion to Dissolve or Modify the Preliminary Injunction (Doc. No. 15) will be granted.

Defendants' Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) (Doc. No. 13) will be denied as to Counts I-VI of Plaintiffs' six count Complaint (Doc. No. 1-2).

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All Registered ECF Counsel and Parties